NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO NUNO MARTINEZ; SANDRA GUADALUPE CRUZ MORENO; GERARDO RAMSES NUNO CRUZ; MARIANA ZOE NUNO CRUZ, Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No.   20-73105 Agency Nos.   A206-677-856 A206-677-848 A206-677-849 A206-677-850 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2026**
Pasadena, California

Before:  WARDLAW, DESAI, and DE ALBA, Circuit Judges.

Gerardo Nuno Martinez ("Nuno Martinez"), his wife Sandra Guadalupe

Cruz Morena ("Cruz Morena"), and their two minor children, natives and citizens

of Mexico, petition for review of a Board of Immigration Appeals' ("BIA")

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

decision dismissing their appeal from an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, we review both decisions to the extent the BIA, in reaching its decision, relied on the grounds considered by the IJ. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016); *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We review the BIA's factual findings under the substantial evidence standard and review de novo both legal questions and mixed questions of law and fact. *Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012). When reviewing factual findings, including adverse credibility determinations, we "must accept 'administrative findings' as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Garland v. Ming Dai*, 593 U.S. 357, 365 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)); *see also Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020).

1.      Substantial evidence supports the IJ's adverse credibility determination. Specifically, the IJ cited numerous specific and cogent reasons to support the adverse credibility determination, including the implausibility of the details of Nuno Martinez's attack; and inconsistencies related to (1) the identity of

2

Nuno Martinez's attackers; (2) the damage to Nuno Martinez's motorcycle and the phone call he had with Cruz Morena while he was with his attackers; and (3) the threats Nuno Martinez received after he fled his hometown with his family. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) (holding that substantial evidence supported the adverse credibility finding where the petitioner's testimony regarding his alleged persecution contradicted his declaration). Additionally, the BIA reasonably credited the IJ's assessment of Nuno Martinez's demeanor, noting "several examples of [Nuno Martinez] attempting to communicate with and influence [via coughs and grunts] a testifying witness [i.e., Cruz Morena]; finding these actions to support a negative inference." *See Uc Encarnacion v. Bondi*, 156 F.4th 927, 937 (9th Cir. 2025) (stating the "special deference" given to credibility determinations based on observations about non-verbal behavior).

2.  "Without credible testimony or sufficient corroborating evidence, [Petitioners] cannot show that [they] ha[ve] a 'well-founded fear of persecution' based on a protected ground." *Mukulumbutu*, 977 F.3d at 927 (citation omitted). As such, we deny the petition with respect to Petitioners' claims for asylum and withholding of removal. *See id.*; *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of

3

removal.").

3.     On the record here, "a reasonable factfinder would not be compelled to find [Petitioners] eligible for CAT protection." *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). Petitioners argue that the IJ erred by not considering the country condition evidence, which demonstrates a "complicity with cartel violence at all levels of the Mexican government and judiciary," and that the BIA impermissibly engaged in de novo review of this evidence. However, the IJ concluded that "there is no indication on the *four corners of [the] record* that a public official would" instigate, or consent or acquiesce to, Petitioners' torture. As such, the IJ properly considered the country condition evidence. *See Garcia v. Holder*, 749 F.3d 785, 791–92 (9th Cir. 2014) ("Unless clear indications exist that the IJ or BIA did not consider the documentary evidence, general language that the agency considered all the evidence before it is sufficient.") (citation modified).

Nonetheless, country condition evidence that is not particular to Petitioners is insufficient to establish CAT eligibility. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard."). The BIA also noted that most of Petitioners' family remain in Mexico unharmed—including Nuno Martinez's brother Carlos, who was the gang members' intended target when they misidentified Nuno Martinez as

4

Carlos and attacked him instead— rendering Petitioners' fear of torture speculative. *See Andrade v. Garland*, 94 F.4th 904, 915 (9th Cir. 2024) ("Because the allegations of torture rest on a hypothetical chain of events, CAT relief cannot be granted unless each link in the chain is more likely than not to happen.") (citation modified).

**PETITION DENIED.**[1]

---

[1] The stay of removal remains in place until the mandate issues.